On the Merits.
Section 3 of Act No. 105 of 1898, as amended by Act No. 50 of 1902, provides that, if “the whole of the capital stock” of an insurance company “shall not be paid for in twelve months from the date of its charter, its charter shall be forfeited.”
Act No. 124 of 1908 provides that:
“Whenever a suit is brought by the state to forfeit the charter of any corporation, or pretended corporation, the court shall be considered to have jurisdiction of all the property belonging to such corporation from the date of the filing of the suit.”
The statute goes on to provide that pen-dente. lite the court' “may” have the property sequestered, and that, in such case, “if the corporation is a going concern, the sheriff shall hold and administer as a receiver.”
The statute further provides that on rendering a decree of forfeiture the court (not “may,” but) “shall” order the sequestration of the property, and the delivery of it to a liquidator to be appointed by the Governor.
The present suit is by the Attorney General in the name of the state under said statutes. The prayer is for a forfeiture, and for the delivery of the property to a liquidator to be appointed by the Governor. There was a sequestration pendente lite.
The defendant in its answer admitted that its capital stock had not been paid, but went on to allege that two days after the filing of the suit the corporation had been dissolved by a vote of the stockholders at a meeting duly held for that purpose, and liquidators appointed, all in pursuance of the charter, and that the court should order the property delivered to these liquidators, and not to a liquidator to be appointed by the Governor.
The liquidators elected by defendant intervened, and asked that their appointment be confirmed, and that the property be ordered delivered to them.
The court decreed the forfeiture; but, instead of obeying the injunction of said Act *553 No. 124 of 190S that the property shall he turned over to the liquidators to he appointed hy the Governor, it ordered the property turned over to the interveners.
This was on the theory advanced hy the defendant that the statute has application only to cases in which there has been a judgment of forfeiture, and that the instant case does not present that feature, because the corporation had been dissolved before the rendition of said judgment, and hence at the date of said judgment there was no charter to he forfeited, and as a consequence there could not be a forfeiture.
We think the court erred. The statute is imperative. No discretion whatever is left to the court. A sequestration must issue when a judgment of forfeiture is rendered, if not already issued, and the sheriff must turn over the property to the liquidator appointed by the Governor.
If, for argument’s sake, defendant’s contention were conceded, that at the date of the rendition of the judgment there was no charter to forfeit, and hence no judgment of forfeiture could validly be rendered, the logical conclusion would be that, instead of rendering a judgment of forfeiture, the court should have dismissed the suit praying for the forfeiture.
But the court did not do that. Far from it, it decreed the forfeiture. The court should either have dismissed the suit, or, on rendering the judgment of forfeiture, complied with the imperative injunction of the statute.
Defendant’s said contention that a valid judgment could not he rendered because the corporation had already been dissolved, and hence there was no charter to be forfeited, resolves itself into a denial of the validity of the judgment of forfeiture. But manifestly, if this judgment of forfeiture was invalid, defendant’s remedy was to have it set aside hy appeal or by answer to the present appeal; and defendant has not resorted to either of these remedies.
We will add, however, though not really involved in this appeal, that the judgment of forfeiture was properly rendered. A suit by the Attorney General in the name of the state for the forfeiture of the charter of a corporation cannot he vacated, or the action of the court in it forestalled, by any action on the part of the stockholders of the corporation. The legal status becomes fixed as of the date of the filing of the suit. This is what the statute means when it says that “the court shall have jurisdiction of all the property of the corporation from the date of the filing of the suit.” “Jurisdiction” here means legal control and seisin. The court is not bound to take actual possession by sequestration, but it may do so. Let it be noted that it is not of the suit the court is thus said to have “jurisdiction”; hut of “the property.”
By such suit the state seeks to protect the public in two ways: First, by forfeiting the charter of the offending corporation; and, secondly, by taking charge of its property, and liquidating its affairs. The idea that the suit can be nullified or forestalled by the stockholders making haste and voting the dissolution of the corporation is hot to be entertained.
That the dissolution of the corporation does not vacate a suit such as the present one, see Platt v. Archer, 9 Blatchf. 559, 19 Fed. Cases, p. 834, No. 11,213. That was a case in bankruptcy; hut the underlying principle is the same.
We are not sure that defendant is to he understood as contending that the charter provisions for the liquidation of the defendant corporation override the statutory provisions hereinabove referred to. Such a contention would ignore the fact that these statutes were already in existence when the defendant corporation was organized, and *555 must therefore be read into the charter, and are necessarily of paramount authority.
It is therefore ordered, adjudged, and decreed that the judgment appealed from be set aside in so far as dissolving the sequestration, appointing liquidators, and ordering the sheriff to deliver the property to the liquidators so appointed, and that it be in other respects affirmed, and that the sequestration be reinstated, and the case be remanded to be proceeded with according to law, costs of appeal to be paid by appellees.